UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Jamaine Darnell Conselyea,

                        Plaintiff(s),

v.                                       Case No. 2:24–cv–11461–BRM–KGA
                                                      Hon. Brandy R. McMillion

Merriweather,

                        Defendant(s),

**ORDER SETTING PRO SE PRISONER EARLY MEDIATION CONFERENCE**

    This case was referred to the District Court's Pro Se Prisoner Early Mediation Program. The Court has appointed Joshua Goodrich as the mediator. The mediation conference will take place on October 8, 2024 at 1:00 PM. Plaintiff and defendant(s) and/or their representative, with full settlement authority, will appear by video conference.

    Plaintiff is directed to show this Order to his or her Assistant Resident Unit Supervisor ("ARUS") upon receipt to schedule a date and time to view, for a second time, the Pro Se Prisoner Early Mediation Program's educational video to prepare to appear and participate in the mediation conference.

    Plaintiff(s) and defendant(s) must submit two separate documents to the Pro Se Case Administrator:

    1. A mediation statement submitted to the Pro Se Case Administrator <u>and</u> the opposing party; and

    2. A mediation supplement <u>submitted to the Pro Se Case Administrator. The mediation supplement is not to be shared with, or sent to, the opposing side.</u>

    The mediation statements and supplements must be received by the Pro Se Case Administrator by no later than September 24, 2024. The mediation statement and supplement must be sent to U.S. District Court, ATTN: Pro Se Case Administrator at 231 W. Lafayette Blvd., 5th Fl., Detroit, MI 48226 The envelope must clearly state: "Contains Mediator Statement and 'For Mediator's Eyes Only' Supplement."

    The Pro Se Case Administrator will send the mediation statements and supplements to the assigned mediator.

    THE MEDIATION STATEMENT AND SUPPLEMENT ARE FOR MEDIATION PURPOSES ONLY. THEY ARE NOT TO BE E–FILED OR FILED WITH THE JUDGE OR CLERK'S OFFICE.

Plaintiff is directed to review the attached Mediation Conference Protocol, the list of "Frequently Asked Questions" about the Prisoner Early Mediation Program and Preparing for Your Mediation Conference, and the Pro Se Early Mediation Waiver.

IT IS SO ORDERED.

s/Kimberly G. Altman<br>
Kimberly G. Altman<br>
U.S. Magistrate Judge

Dated: June 20, 2024

**ATTACHMENT A**
**MEDIATION CONFERENCE PROTCOL**

### I.  PURPOSE OF THE MEDIATION

The purpose of the early mediation conference is to assist the parties in settling this case without the need for further court action. The parties and the attorneys should be prepared to explain to the mediator the factual and legal issues involved. The mediator may meet jointly with all parties, as well as separately and confidentially with each party and his or her attorney to discuss the case and to obtain and present settlement offers or proposals. The documents filed or exchanged between the parties and the discussions and negotiations that occur during the mediation conference are confidential under Federal Rule of Evidence 408. **Neither the mediator nor any party or attorney may inform the judges assigned to the case what was discussed or what offers were made during the mediation conference.** The parties are strongly encouraged to take full advantage of the settlement opportunity provided by the mediation conference. This requires that each party make a good faith effort to settle the case based on a fair and reasonable view of the facts and the law.

Service of process was not effected upon the defendant(s) before the early mediation conference. Therefore, the defendant(s) are not required to answer or otherwise respond to plaintiff's complaint during the mediation process.

### II.  ABOUT THE MEDIATOR

The mediator is an independent, neutral and impartial attorney who is trained in mediation. The mediator attempts to assist people involved in a conflict come to an agreement without further court action.

### III.  AUTHORITY OF THE MEDIATOR

The mediator has the authority to:

#### a. Conduct Telephone Conferences

Before mediation, the mediator may contact the parties to arrange informal telephone conferences to discuss any issues concerning the mediation. The mediator may contact the Litigation Coordinator of the facility where the plaintiff is located to arrange a telephone conference. Telephone conferences are confidential and will not be recorded or reported on the record. The mediator can have ex parte communications with pro se parties and attorneys.

#### b. Request Additional Information

The mediator may request additional information and documents concerning the case at any time before or during the mediation.

### IV.  WHO MUST ATTEND THE MEDIATION CONFERENCE

#### a. Plaintiff

Plaintiff must show the Order Setting Pro Se Prisoner Early Mediation Conference to his or her Assistant Resident Unit Supervisor ("ARUS") upon receipt in order to appear and participate in the mediation conference through video conferencing. The video conference will be arranged by the Michigan Department of Corrections after the Order is shown to the ARUS.

### b. Non–Prisoner Individual Defendants

Any non–prisoner, individual defendant who is not represented by the Michigan Department of Attorney General or MDOC must attend the mediation conference unless an attorney enters a limited appearance on his or her behalf for the purpose of early mediation or the mediator excuses his or her presence.

### c. Representatives of Defendant State Agencies or Other Defendant Entities

Representatives of MDOC and/or representatives of any other named agencies who have the authority to settle the case are required to attend the mediation conference. If the Assistant Attorney General believes that the presence of a particular MDOC representative would facilitate mediation, he or she should arrange for that person to attend the mediation conference. In cases involving medical treatment, the Health Unit Manager must also attend the mediation if requested by the mediator. The mediator may also require other representatives of MDOC or other defendant entities to attend the mediation or be available by other means, if the mediator believes their involvement will facilitate mediation.

### d. Attorneys

Attorneys who are representing a party must attend the mediation conference.

### e. Excused Attendance

All persons attending the mediation conference are required to be present for the entire conference. Any request to be excused from attending the mediation conference must be made in writing to the Pro Se Case Administrator at least two weeks before the mediation.

### f. Settlement Authority of Persons Attending Mediation Conference

Persons attending the mediation conference must have full authority to settle the case. If the defendant is a governmental agency or private entity, a person who has full authority (subject to any legally required board approval) to settle the case on that defendant's behalf must attend the early mediation conference. If a defendant has insurance that may provide coverage for the claims, a representative of the insurance company with full settlement authority must attend the mediation conference.

### g. Sanctions for Failure to Attend Mediation Conference

If a party or its attorney fails to have the necessary person(s) with settlement authority present during the mediation conference, the mediator may cancel the mediation conference. The mediator will promptly notify the Court of the reason for the cancellation, and the Court may require the party or its attorney to pay the reasonable expenses of the other parties and the mediator caused by the cancellation. The Court may also impose additional sanctions on the party or its attorney, or both, for willful noncompliance with the Court's order.

## V.  THE MEDIATION STATEMENT

A mediation statement is intended to provide the mediator with the necessary information to understand each party's position and to prepare for and properly conduct the mediation conference. The mediator will be better able to assist in settling the case if the mediation statements provide concise, accurate, and straightforward information about the factual and legal issues in the case. **Mediation statements must not be sent to judges assigned to the case.** After mediation ends, the mediator and court personnel will shred the mediation statements to ensure confidentiality.

**Each party's mediation statement is limited to five (5) pages and should contain the following information:**

1. A brief statement about the nature of the case;

2. A brief discussion of disputed factual, legal, damages, and evidentiary issues; and

You may attach to your statement documents or exhibits that are **important** to key factual or legal issues, highlighted where necessary. Exhibits are limited to (5) pages.

## VI.  THE MEDIATION SUPPLEMENT

**Each party is to submit a one−to−two (1−2) page "For Mediator's Eyes Only" supplement, but only to the Pro Se Case Administrator <u>and not the opposing side</u>. The supplement should contain:**

1. A discussion of the party's strongest points, and an honest discussion of the weakest points;

2. Realistic settlement options you believe would be fair, including both monetary and non−monetary solutions; and

3. A brief discussion of anything else that is important for the mediator to know before starting the mediation.

## VII.  SCHEDULING

The Court will enter an order setting the date for the mediation conference and identifying the mediator assigned to the case. Both parties will receive a copy of the order.

When scheduling mediation conferences, efforts will be made to schedule as many as practicable considering the schedules of the mediators and state personnel.

## VIII. FREQUENTLY ASKED QUESTIONS (FAQs)

A list of "Frequently Asked Questions" about the Prisoner Early Mediation Program and how it works is attached to this Protocol.

**Pro Se Prisoner Early Mediation Program**
**Frequently Asked Questions**

**1. What is the purpose of the Pro Se Prisoner Early Mediation Program?**

The goal of the program is to see if the parties can work together to reach a reasonable resolution to the case before the parties begin the long and expensive process of litigation.

**2. What is mediation?**

Mediation is a method that is commonly used by the federal courts to settle cases. Mediation sessions begin with an explanation about the process and the ground rules. Everyone is given an opportunity to be heard about the issues in the case. The mediator's role is to help the parties define the issues and reach a settlement of the case if possible.

**3. Why go to mediation instead of trial?**

Mediation is a way for the parties have an opportunity to be heard and to hear the opposing party's point of view without speaking to one another through attorneys and legal filings. Mediation also offers the parties more flexibility to explore a variety of ways to settle the case. The mediator is a neutral party who has no stake in the outcome of the case.

**4. What is the benefit of mediation if the case does not settle?**

Since early mediation allows the parties an opportunity to speak honestly with one another in an informal and confidential environment, even if the case does not settle, the process can help the parties understand their claims and defenses in the case.

**5. Who are the mediators in this program and what does the mediator do?**

The mediators are lawyers who have received mediation training and have agreed to provide their services without a cost to the parties.

The mediator's goal is to create an environment where the parties can honestly discuss the issues that need to be resolved. The mediator does not make decisions for the parties, but works with the parties to try and settle the case.

**6. Will the mediator report to the judge what happened in the mediation?**

The mediator does not report what happened during mediation or share the mediation statements with the District or Magistrate Judges assigned to your case. The Court will only receive information regarding the outcome of the cases specifically, settlement or not.

**7. What types of settlement options are available?**

Some examples of settlements may be health services or equipment, dietary changes or access to a library. Settlements may or may not include payment of money damages. A settlement is a compromise where neither party may be completely satisfied with the result, but both have given something up, have received something in return and both can live with the outcome.

**\*\*Early parole, a pardon, commutation of your sentence, sentence reduction, some goods from outside vendors, and specific requests for individual items from the prison store <u>are not available forms of settlement</u> in mediation.\*\***

**8. What happens if the parties agree to a settlement?**

If the parties settle, the terms of the settlement will be placed on the record by the Court on the same day. The parties must state that they understand and agree to the settlement terms. The settlement will be binding and the Court will enter an order dismissing the case. Although the case is dismissed, the Court will still have the power to enforce the terms of the settlement.

The Assistant Attorney General will also prepare a written settlement agreement for the parties to sign and keep for their records.

**9. What happens if the parties don't settle?**

The mediator will report to the Court that the parties were unable to reach a settlement. There are no negative consequences to the parties. If there is no settlement, the case will proceed in the normal manner.

## PREPARING FOR YOUR MEDIATION CONFERENCE

Mediation conferences are more productive if the parties are prepared. In preparation for the mediation conference, you should do and think about the following:

**I. VIEW THE PRISONER MEDIATION EDUCATIONAL VIDEO**

An educational video explaining the prisoner mediation process has been prepared with assistance from the Court, mediators, and MDOC's Public Information Office. The video must be viewed before mediation takes place. The MDOC will arrange for you to see the video.

**II. PREPARING FOR THE MEDIATION: THINGS TO THINK ABOUT**

    1. What issues need to be settled? What are the strengths and weaknesses of your position on each issue? What is your best argument?

    2. Are there other hidden non–monetary human interests, concerns or goals that need to be addressed?

    3. What remedy or remedies do you want? Do you want a specific condition changed or stopped, money damages or both?

    4. Do you have enough information to place a value on your case? If not, how are you going to get the information before the mediation conference is held?

**III. SETTLEMENT NEGOTIATIONS: THINGS TO THINK ABOUT**

    1. Think about what a reasonable, realistic settlement would look like for you. Also think about the opposing parties' point of view. Be prepared to listen to and discuss different points of view.

    2. Are you prepared to explain the reason or reasons for the remedy you are asking for to the mediator and the opposing parties?

    3. Do you have confidential information that may affect the outcome of the mediation conference? Is there a good reason the information should not be shared with the other side? How can the opposing party be persuaded to settle if they don't have the information?

    4. Is there anything else that might affect outcome of the mediation conference?

## IV. TIPS FOR PREPARING YOUR MEDIATION STATEMENT

    1. First, briefly list without detail or explanation what issues, concerns, and non–monetary interests need to be resolved, even if they are not part of the lawsuit.

    2. Keep your overall statement as simple and brief as possible while including all your major points and leaving out the minor details.

    3. Use visual aids like drawings, charts, and time lines attached as exhibits in order to simplify the facts.

    4. Explain the reasons why you think you should receive the monetary or non–monetary relief you are requesting.

    5. Attach only the most important and related documents as an exhibit, underlined or highlighted where meaningful. Exhibits cannot be more than 5 pages.

    6. Try to be as practical, realistic, and reasonable as possible in order to reach a fair resolution to your problem.

    7. At the mediation conference avoid being aggressive, argumentative, or accusatory.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Jamaine Darnell Conselyea,

                              Plaintiff(s),

v.                                               Case No. 2:24-cv-11461-BRM-KGA
                                                   Hon. Brandy R. McMillion

Merriweather,

                              Defendant(s),

_____

**Pro Se Early Mediation Waiver**

United States District Court for the Eastern District of Michigan has approved a Pro Se Prisoner Early Mediation Program for all eligible pro se prisoner civil rights cases to allow for possible resolutions of claims without costly and time-consuming litigation. This case has been identified for mediation having not been excluded from the program. Plaintiff must return the signed Waiver form before the mediation conference. Plaintiff's failure to sign and submit this Waiver form will mean that your case will be removed from the Mediation program and it will proceed in the normal manner.

    1.  I understand that a mediator is an independent attorney who has been trained to mediate cases and has no authority to force a settlement. I understand that the mediator is not my attorney or representative. I also understand that the mediator is not employed by of the Michigan Department of Corrections or any Michigan Department of Corrections contractor.

    2.  I release the Defendants, and any participating party (which includes the mediator, attorneys, other representatives present, and any respective entities which the participants represent), from any HIPPA privacy action, based on the Plaintiff's participation in the mediation which is held by video conferencing.

    3.  I understand that a settlement is a compromise.

    4.  I understand and agree that the mediation conference is confidential and I will not discuss the matter with anyone.

    5.  I understand and agree that, if my case settles, all current and future claims with regard to my complaint are resolved.

    6.  I understand that any settlement reached is a final resolution of my case and is not appealable.

    7.  I understand that there are no fees for my participation in this mediation program but that I am still responsible for paying the full filing fee regardless of any settlement that may be reached.

    8.  I understand and agree that I am not under any pressure or threat to sign this waiver.

    9.  I understand that by signing this waiver, I agree to release and hold the mediator harmless from any and all claims, actions, lawsuits, attorney grievances, damages and judgments, including fees, arising out of, or relating to, my participation in the Pro Se Prisoner Early Mediation Program.

    10. I understand that if I violate any of the conditions of this waiver, I may be held responsible for all costs, up to and including damages, losses and fees, including reasonable attorney fees, for the violation.

I certify that I am at least 18 years of age, of sound mind, not under the influence of any substances or medications that prevent my understanding of this Waiver, and that I have carefully read and fully understand it.

_____          _____
Plaintiff's Signature                                                                  Date


_____
Plaintiff's Printed Name


This waiver must be submitted to the Pro Se Case Administrator along with the mediation statements at least ten (10) days before the mediation conference.